Juan TORRES, Jr., Petitioner–Appellant,

v.

Anthony C. NEWLAND, Warden, Respondent–Appellee.

No. 00–17115.

D.C. No. CV–97–20445–JF.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Juan Torres, Jr., a California state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 petition challenging his conviction for first degree murder with a firearm. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Torres' habeas petition, *see Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.), *cert. denied,* 531 U.S. 908, 121 S.Ct. 254, 148 L.Ed.2d 183 (2000), and we affirm.

Torres contends that the trial court improperly excluded evidence of third-party culpability in the form of evidence relating to the victim's cocaine use, which would have supported a theory that the victim's death resulted from a drug deal.[1] His

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Torres' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We decline to address any issues not raised in the certificate of appealability. *See Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam), *cert. denied,* 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000).

contention is unpersuasive, because the trial court's decision to exclude evidence that did not directly link a third party to the crime was not contrary to and did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 USC § 2254(d)(1); *see Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000); *Montana v. Egelhoff*, 518 U.S. 37, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (recognizing that, because defendant does not have unfettered right to offer evidence, it may under certain circumstances be excluded under federal and state law).

AFFIRMED.